**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED PRESCRIPTION SERVICES, INC.,**

    **Plaintiff,**

v.                                           Case No.  8:06-cv-1977-T-30MAP

**ALBERTO GONZALES, in his official capacity as Attorney General, United States Department of Justice, and Karen Tandy, in her official capacity as the Administrator of the United States Drug Enforcement Administration,**

    **Defendants.**
_____/

## ORDER and NOTICE OF HEARING

THIS CAUSE comes before the Court upon Plaintiff's Emergency Motion for Temporary Restraining Order and Supporting Memorandum of Law (Dkt. 3).

### BACKGROUND

Plaintiff is an online licensed pharmacy that specializes in providing physician prescribed medication to individuals who need to seek reimbursement for their prescriptions from their automobile personal injury protection policy.  Plaintiff is registered with the Drug Enforcement Agency ("DEA") to dispense controlled substances. (Dkt. 1 ¶ 11).

On February 1, 2006, a warrant was issued to the DEA permitting it to inspect and seize certain documents and records from Plaintiff's premises. *Id.* at ¶ 12. Subsequent to the

search, on September 13, 2006, Plaintiff received a letter from the DEA demanding Plaintiff cease and desist manufacturing, dispensing and maintaining certain medications the DEA determined were not manufactured in accordance with the law. *Id.* at ¶ 13.

On September 15, 2006, Plaintiff filed a complaint and an Emergency Motion for Temporary Restraining Order in Case No. 8:06-cv-1706-T-23-TGW. Plaintiff's Motion was subsequently granted, thereby enjoining Defendants from enforcing the cease and desist order. *See* Case No. 8:06-cv-1706-T-23-TGW at Dkt 3.  Thereafter, a hearing was held before Magistrate Thomas G. Wilson on Plaintiff's request for a preliminary injunction. *See id.* at Dkt. 10.  During the hearing, DEA indicated it was withdrawing the cease and desist order, thus rendering Plaintiff' request for preliminary injunction moot. *See id.*

On October 5, 2006, Plaintiff received information that it would no longer be receiving controlled substances from one of its suppliers, Cardinal Health. (Dkt. 3, Ex. 2). Plaintiff inquired as to Cardinal Health's reasons for refusing to supply Plaintiff with controlled substances. According to Cardinal Health, it had received guidance from the DEA to research controlled substance sales to pharmacies which were in excess of 5,000 dosage units per month[1] in an effort to ensure the controlled substances were being supplied pursuant to legitimate prescriptions. *Id.* at Ex. 3.  According to Cardinal Health, the DEA "ha[d] taken the position that for a legitimate prescription to exist, there must be an authenticate [sic] physician-patient relationship, wherein the prescribing physician is required to conduct

---

[1] At the time of Plaintiff's inquiry, Plaintiff had purchased 233,800 dosage units in the month of August and 233,600 dosage units in July.

a physical examination of that patient." *Id.*   Relying on the DEA's definition of a legitimate prescription, Cardinal Health discontinued shipments to Plaintiff. *Id.*

On October 12, 2006, Plaintiff filed an Emergency Motion to Reopen Case or for Reconsideration, an Emergency Motion for Temporary Restraining Order and an Emergency Motion for Preliminary Injunction in Case No. 8:06-cv-1706-23-TGW. *See* Case No. 8:06-cv-1705-23-TGW at Dkts. 16-18.   The Court subsequently denied Plaintiff's Motion to Reopen Case and denied as moot the Emergency Motions for Temporary Restraining Order and for Preliminary Injunction. *See id.* at Dkt. 19.   The instant motion followed.

## DISCUSSION

In determining whether to grant a temporary restraining order, a court must consider whether the movant has established: "1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

In its motion, Plaintiff appears to have sufficiently established the factors necessary to warrant a temporary restraining order.   Specifically, Plaintiff alleges that the DEA's position as to the nature of a legitimate prescription is "cut[ting] off its supply of controlled substances" *Id.* at ¶ 7, and will subject Plaintiff to irreparable injury by effectively putting them out of business, and preventing patients from obtaining prescription refills. *Id.* at ¶¶ 9, 11, 12 .   Plaintiff  also alleges that the DEA's position is in violation of the Administrative

Procedures Act, *See* 5 C.F.R. § 551(1)(d), because the requirement that a legitimate prescription can only come from a physician who has conducted a physical examination of a patient is not contained in the DEA's regulations regarding an effective prescription. (Dkt. 3 at 7).  In reviewing 21 C.F.R. §1306.04, it does not appear the regulations require a physical examination of a patient to effectuate the prescription of a controlled substance. 21 C.F.R. §1306.04 states in part, "[a] prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." *See* 21 C.F.R. §1306.04(a).  Therefore, at this point, it appears Plaintiff has a substantial likelihood of success on the merits.  This issue may be addressed further at the hearing scheduled herein.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Emergency Motion for Temporary Restraining Order and Supporting Memorandum of Law (Dkt. 3) is **GRANTED**.

2. The Defendants are **ENJOINED** from interfering directly or indirectly with Plaintiff's rights to obtain controlled substances from its suppliers.  This injunction becomes effective upon Plaintiff posting a good and sufficient bond of $25,000.

3. Plaintiff's Motion for Preliminary Injunction (Dkt. 4) is set for hearing before United States Magistrate Judge Mark A. Pizzo, in Courtroom 11B, United

States Courthouse, 801 N. Florida Avenue, Tampa, Florida, at on **FRIDAY, NOVEMBER 3, 2006, at 3:15 P.M.**

**DONE** and **ORDERED** in Tampa, Florida on October 27, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Magistrate Judge Mark A. Pizzo
Counsel/Parties of Record

S:\Odd\2006\06-cv1977 - Grant TRO.frm